| | | |
|---|---|---|
| JACQUELINE FOWLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 10 C 3944 |
| v. | ) | |
| | ) | |
| BANK OF AMERICA CORP, | ) | Judge George M. Marovich |
| BAC MORTGAGE CORP., | ) | |
| FIRST AMERICAN TITLE CORP., | ) | |
| VILLAGE OF CRETE, | ) | |
| SANDRA DROLET, | ) | |
| WILL COUNTY BOARD OF REVIEW, | ) | |
| ILLINOIS STATE BOARD OF REVIEW, | ) | |
| AAA HOMEOWNERS INS., and | ) | |
| AAA CREDIT CARD CO., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Jacqueline Fowler ("Fowler") has filed a complaint containing dozens of claims

against defendants Bank of America Corp., BAC Mortgage Corp., First American Title Corp.,

Village of Crete, Sandra Drolet (the Crete Township Assessor), Will County Board of Review,

Illinois Property Tax Appeal Board (incorrectly named as Illinois State Board of Review),

MemberSelect (incorrectly named as AAA Homeowners Ins.) and AAA Credit Card Co.  Before

the Court are the six separate motions to dismiss filed by:  (1) Bank of America Corp. and BAC

Mortgage Corp.; (2) MemberSelect; (3) Will County Board of Review; (4) Illinois Property Tax

Appeal Board; (5) First American Title Corp.; and (6) Village of Crete.[1]  For the reasons set

forth below, the Court grants the motions.

## I.      Background

For purposes of the motions to dismiss, the Court takes as true the allegations in

plaintiff's complaint.  It is not always clear what plaintiff, who is proceeding *pro se*, is alleging.

In July 2008, Fowler purchased a home in the Village of Crete in Will County, Illinois.

To help pay for the purchase of her home, Fowler took out a mortgage, which was later obtained

by Bank of America Corp., now BAC Mortgage Corp. (together "B of A" or "Bank of

America").  The purchase closed at First American Title Corp. ("First American").  The claims

in this case arise out of two problems Fowler faced after she purchased her home.

Fowler encountered the first problem on or about August 31, 2008.  That is the date

Fowler received a tax reassessment of her home.  The tax assessor considered her home

"remodeled" due to the addition of a stamped patio, which had been added to the property before

Fowler purchased it.  Under the reassessment, the taxes on Fowler's home increased by $300.00

per year.  According to Fowler's complaint, she misunderstood the deadline for appealing the

reassessment.  The Court takes judicial notice of the fact that Fowler filed a tax objection case in

the Circuit Court of Will County.  The Court also takes judicial notice of the fact that in her

order dismissing Fowler's tax objection case, the Judge stated:

> The Plaintiff filed a Tax Objection in this case, but failed to appear before the
> Board of Review as required by 35 ILCS 200/23-10, to review the year in
> question.  As such, this Court does not have jurisdiction to hear the Tax

---

[1]Defendant AAA Credit Card Co. appears to have been served on August 5, 2010 but has
not answered or otherwise plead.  Defendant Sandra Drolet appears to have been served on July
27, 2010 but has not answered or otherwise plead.

Objection. Because this Court does not have jurisdiction over this case, this matter must be dismissed.

Finally, the Court takes judicial notice of the fact that Fowler appealed the decision dismissing her tax objection case and that the appeal is still pending.

Fowler's second problem started in June 2009. Bank of America notified Fowler that her tax escrow account was "short." Fowler asserts that the reason the account was short is that after the closing, Bank of America failed to put the money designated for tax escrow into the escrow account. Since June 2009, Fowler has disputed the amount of her monthly mortgage payment in that she has disputed the amount of the escrow portion of her mortgage payment. Fowler believes Bank of America has retaliated against her by (1) returning to her a check for a mortgage payment which was $100 lower than it should have been; and (2) increasing her homeowner's insurance by $300 in July 2010. Fowler alleges that her insurance carrier is a subsidiary of Bank of America.

## II.     Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause

of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). To survive a motion to dismiss, a claim must be plausible. *Iqbal*, 129 S.Ct. at 1950. Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, a plaintiff must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Bell Atlantic*, 127 S.Ct. at 1974.

## III.  Discussion

Before considering the merits of a case, a federal court must always assure itself that it has jurisdiction over the case. *Scott Air Force Base Prop., LLC v. County of St. Clair*, 548 F.3d 516, 520 (7th Cir. 2008). A federal district court has original jurisdiction over "all civil actions arising under the Constitutions, laws, or treaties of the United States." 28 U.S.C. § 1331. In a civil action over which a federal district court has original jurisdiction, the court has supplemental jurisdiction "over all other claims that are so related" that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). That is, a court has supplemental jurisdiction over state-law claims that "derive from" the same "common nucleus of operative fact" as do the claims over which the court has original jurisdiction. *Hansen v. Board of Trustees of Hamilton SE School Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) (quoting *United Mine Workers v. Gibbs*, 383

U.S. 715, 725 (1966)).  If "the district court has dismissed all claims over which it has original jurisdiction[,]" then the Court "may decline to exercise supplemental jurisdiction[.]" 28 U.S.C. § 1367(c)(3).

Here, it appears from plaintiff's complaint that she is asserting several federal claims. MemberSelect argues that these claims are frivolous and, therefore, do not confer jurisdiction. "When the federal theories are insubstantial in the sense that 'prior decisions inescapably render the claims frivolous', there is no federal jurisdiction." *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010).  Accordingly, as the Court considers plaintiff's claims, it will consider not just whether plaintiff has stated a claim but also whether each is frivolous.  If each of plaintiff's federal claims is frivolous, the Court will have to dismiss the suit for want of jurisdiction.

The Court also notes that not all of plaintiff's claims derive from the same nucleus of operative fact.  Rather, some of the claims arise from one nucleus of operative fact, namely plaintiff's dispute with Bank of America over a tax escrow and the consequences of Bank of America's having reported her as 30-days late on her mortgage.  The other claims arise out of a separate nucleus of operative fact, namely the tax assessment increase due to the stamped patio at plaintiff's home.  Thus, the Court concludes that the complaint presents two separate cases or controversies.  The Court will, accordingly, consider its supplemental jurisdiction separately for each case or controversy.

**A.      Claims arising out of Fowler's escrow dispute with Bank of America**

Plaintiff's claims against Bank of America, MemberSelect and AAA Credit Card Company derive from plaintiff's escrow dispute with Bank of America. The Court has original jurisdiction over the escrow dispute, because, as is explained below, Fowler's Count II against Bank of America is a non-frivolous federal claim.

### 1. Bank of America's motion to dismiss

In her complaint, Fowler asserts ten counts against Bank of America. Bank of America moves to dismiss all ten.

In Count I, Fowler asserts that Bank of America violated the Illinois Mortgage Escrow Account Act. That Act states that, "[i]n lieu of the mortgage lender establishing an escrow account or an escrow-like arrangement, a borrower may pledge an interest bearing time deposit with the mortgage lender in an amount sufficient to secure the payment of anticipated taxes." 765 ILCS 910/6. The Act also requires that the borrower be informed of these rights at the closing. 765 ILCS 910/11 ("Notice of the requirements of the Act shall be furnished in writing to the borrower at the date of closing."). If the mortgage lender fails to comply, the borrower is entitled to "actual damages." 765 ILCS 910/9. In Count I, Fowler asserts that Bank of America violated the Act in that she "was not told about an interest bearing account in lieu of an escrow account." Defendant argues that Fowler has failed to state a claim, because she has not alleged that, had she known of her right to do so, she would have pledged an account instead of paying into an escrow account for taxes. The Court agrees. Unless Fowler can allege that she would have taken advantage of the option had she known about it, she has no actual damages and, hence, no claim. 765 ILCS 910/9. Accordingly, Count I is dismissed without prejudice for failure to state a claim.

In Count II, Fowler asserts that Bank of America violated the "Consumer Credit Protection Title 15 Section 1601 et seq." by first returning to her a check she made out for less than the total amount of her mortgage payment and then reporting her to credit agencies for being 30 days late on her mortgage payment.  Although the Court is not sure what claim plaintiff is attempting to make out, defendant interprets this as a claim to correct a billing error under the Fair Credit Billing Act, 15 U.S.C. § 1666(a), and plaintiff seems to agree.  Bank of America moves to dismiss the claim on the grounds that to state a claim, plaintiff must allege that she provided Bank of America written notice about the billing error.  *See* 15 U.S.C. § 1666(a).  The Court agrees that plaintiff has not alleged in her complaint that she provided written notice. Therefore, the Court dismisses Count II without prejudice.  The Court notes, however, that this claim is not frivolous, so the Court has original jurisdiction over this claim.

In Count III (which is really two counts), Fowler asserts that Bank of America violated the Real Estate Settlement Procedures Act and the Illinois Consumer Fraud Act.  Bank of America argues that Fowler's claim under the Illinois Consumer Fraud Act should be dismissed because Fowler failed to plead the claim with the specificity required of a fraud claim by Rule 9(b) of the Federal Rules of Civil Procedure.  *See Windy City Metal Fab. & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008).  The Court disagrees.  To plead fraud with particularity, a plaintiff must say who made the fraudulent statement, when it was made and how it was made.  *Windy City*, 536 F.3d at 668.  Fowler has done this.  She alleges that Bank of America stated on the closing settlement document at the closing that a certain amount of money was being put into the escrow fund for taxes but that Bank of America did not, in fact, put that money into the escrow account.  Accordingly, the Court rejects Bank of America's argument that

Fowler's Illinois Consumer Fraud Act claim should be dismissed for failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure.[2]

Plaintiff also attempts to turn the allegations in Count III into a federal claim by asserting that the alleged conduct also violates "15 Section 2060 et seq." The Court assumes the plaintiff means the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2060. Among other things, RESPA prohibits kickbacks from mortgage settlements and sets limits on the amount a mortgage servicer can require borrowers to deposit into tax escrow accounts. *See* 12 U.S.C. §§ 2607, 2609. The Court does not see any provision in RESPA (and the plaintiff fails to point any out) that makes it a violation of federal law for a mortgage servicer to fail to put into an escrow account the amount it stated would be put into an escrow account. Accordingly, the RESPA portion of Count III is dismissed with prejudice.

In Counts IV and V, Fowler asserts that after she complained about the escrow dispute, Bank of America retaliated against her by changing the terms of her credit card (Count IV) and causing AAA Homeowners Insurance (which plaintiff alleges is "affiliated" with Bank of America) to increase her annual insurance premium (Count V). In response to defendant's motion to dismiss, in which it stated that it was not sure what cause of action Fowler was asserting, Fowler stated that these are race discrimination claims. Fowler has not plead a plausible race discrimination claim. In fact, in her complaint, Fowler alleges that the actions

---

[2]Although this portion of Count III is not dismissed for failure to state a claim, the Court, ultimately, will relinquish its supplemental jurisdiction over this claim, because, as will be made clear later in the opinion, the Court is dismissing all of the claims over which it has original jurisdiction.

were taken due to her escrow dispute and makes no mention of her race.  Accordingly, the Court dismisses without prejudice Counts IV and V.

In Count VI, Fowler asserts that Bank of America violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.  Fowler alleges that during the time when she was disputing the amount she owed monthly for the tax escrow, she sent Bank of America a mortgage payment that was smaller (by about $100–the amount of the disputed escrow payment) than what Bank of America expected it to be.  Fowler alleges that Bank of America returned the check to her and reported to credit agencies that Fowler was 30-days late on her mortgage payment.  Defendant assumes (and the Court agrees) that Fowler is attempting to state a claim under 15 U.S.C. § 1681s-2(a)(1)(A), which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."  15 U.S.C. § 1681s-2(a)(1)(A).  The problem with this claim, as defendant points out, is that there is no private right of action under §1681s-2(a).  *See* 15 U.S.C. § 1681s-1(c)(1); *Rollins v. Peoples Gas Light and Coke Co.* 379 F. Supp.2d 964, 967 (N.D. Ill. 2005).  Accordingly, Count VI is dismissed with prejudice.

In Count VII, plaintiff asserts against Bank of America a "[v]iolation of [her] constitutional rights of life, liberty and pursuit of happiness."  In Count IX, plaintiff asserts a "[v]iolation of [her] property rights to [her] money under the 14th amendment.  And [sic] equal protectionj [sic]."  Section 1983 provides a private right of action for constitutional violations.  That statute states, in relevant part, "[e]very person who, *under color of* any statute, ordinance, regulation, custom or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be

liable to the party injured in an action at law."  42 U.S.C. § 1983 (emphasis added).  Because of the requirement that an action be taken under color of law, § 1983 is generally used against government actors, not private actors.  Private actors can be liable as state actors only: (1) "where the state effectively directs or controls the actions of the private party"; or (2) "when the state delegates a public function to a private entity."  *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999).  Here, Fowler has not and cannot allege any state action on the part of Bank of America.  Counts VII and IX are frivolous and are hereby dismissed with prejudice.

In Count VIII, Fowlers asserts, "[v]iolations of the Mortgage Fraud Act."  Because the Court has not found any evidence of the existence of such an act and because plaintiff does not include any allegations in support of this claim, the Court dismisses this claim without prejudice.

For these reasons, the Court grants defendants Bank of America Corp. and BAC Mortgage Corp.'s motion [45] to dismiss.  Counts I, II, III, IV, V and VIII are dismissed without prejudice, and Fowler is granted leave to amend these claims.  Counts VI, VII and IX are dismissed with prejudice, and Fowler is not granted leave to amend these claims.  The Court dismisses with prejudice the portion of Count III that attempted to state a federal claim.

### 2.    MemberSelect's motion to dismiss

Against MemberSelect (which plaintiff incorrectly named as AAA Homeowners Insurance), plaintiff asserts two counts.  Count I reads: "Violations of federal and state insurance laws that regulate not cancelling or increasing homeowners policies without just cause, which [sic] arbitrary and capricious."  Count II reads: "Violations of Consumer protections [sic] laws." Based on other allegations in the complaint, it appears that plaintiff is complaining that

MemberSelect increased plaintiff's homeowner's insurance premium after Bank of America reported her as being 30 days late on her mortgage payment.

With respect to Count I, MemberSelect argues that Fowler does not have a cause of action under the Fair Credit Reporting Act for the increase in her insurance premium. The Fair Credit Reporting Act states, in relevant part, "[i]f any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report, the person shall" provide the consumer notice of the adverse action, of the consumer's right to obtain a copy of the consumer report, and the name of the reporting agency. 15 U.S.C. § 1681m (a)(1)-(3). An "adverse action" under the Fair Credit Reporting Act includes "an increase in any charge for . . . insurance." 15 U.S.C. § 1681a(k)(1)(B)(I). As defendant points out, however, there is no private right of action under 15 U.S.C. §1681m(a). *See* 15 U.S.C. § 1681m(h)(8); *Perry v. First Nat'l Bank*, 459 F.3d 816, 823 (7th Cir. 2006) ("The unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m."). Accordingly, Fowler cannot make out a claim under the Fair Credit Reporting Act, and any such claim is frivolous.

In her brief, Fowler explains that she believes defendant violated the Illinois Use of Credit Information in Personal Insurance Act, 215 ILCS 157/1 et seq. Among other things, that statute states, "[a]n insurer authorized to do business in this State that uses credit information to underwrite or rate risks shall not: . . . (3) [b]ase an insured's renewal rates for personal insurance solely upon credit information, without consideration of any other applicable factor independent of credit information." 215 ILCS 157/20(a)(3). Defendant argues, and the Court agrees, that the Act does not provide a private right of action. In fact, the statute provides for enforcement only

by the Illinois Department of Insurance. 215 ILCS 157/45(a) ("The Department shall enforce the provisions of this Act pursuant to the enforcement powers granted to it under the Illinois Insurance Code."). Based on this provision and given the Illinois Supreme Court's reluctance to read private rights of action into statutes (*see Hoover v. May Dep't Stores Co.*, 395 N.E.2d 541, 77 Ill.2d 93, 104 (Ill. S.Ct. 1979); *Teale v. Sears, Roebuck and Co.*, 359 N.E.2d 473, 66 Ill.2d 1, 6 (Ill. S.Ct. 1977)), the Court concludes that plaintiff has no private right of action under the Use of Credit Information in Personal Insurance Act. Because it appears that plaintiff lacks private rights of action to pursue the claims she seems to be asserting in Count I, the Court dismisses Count I with prejudice.

It is not clear what cause of action plaintiff is asserting in Count II. It is clear, however, that plaintiff has failed to include any allegations that would make out a plausible claim. In her brief, Fowler mentions 42 U.S.C. §§ 1981, 1983 and 1985 and seems to suggest that she is asserting claims against MemberSelect for violation of those statutes. Her complaint, however, lacks any mention of those statutes. Fowler's complaint also lacks any allegations from which one could detect a plausible claim under any of those statutes. Count II is dismissed without prejudice.

For these reasons, the Court grants defendant MemberSelect's motion [59] to dismiss. Count I is dismissed with prejudice. Count II is dismissed without prejudice. Plaintiff is granted leave to amend Count II.

### 3.     Plaintiff's remaining escrow claims

Fowler asserts against AAA Credit Card Company the exact-same claims she asserted against MemberSelect, all of which claims the Court has already dismissed. Although AAA Credit Card Company has not moved to dismiss (or answered), the Court has reviewed the claims and does not perceive a non-frivolous federal claim against AAA Credit Card Company. Because the Court has already dismissed all of the claims over which it had original jurisdiction with respect to the tax escrow case or controversy, the Court also dismisses without prejudice all of the remaining state claims, which includes the claims against AAA Credit Card Company and Count III against Bank of America. 28 U.S.C. § 1367(c)(3) (if "the district court has dismissed all claims over which it has original jurisdiction[,]" then the Court "may decline to exercise supplemental jurisdiction").

### B. Claims arising out of Fowler's tax reassessment

Fowler's claims against the remaining defendants derive from a second nucleus of operative fact, namely the tax reassessment of Fowler's home which resulted in an increase of $300 in her annual property taxes.

Again, the Court must assure itself that it has jurisdiction, so it considers whether the Tax Injunction Act deprives it of jurisdiction. The Tax Injunction Act provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. Thus, federal courts have no jurisdiction to hear suits that seek to declare illegal, enjoin or rescind methods of tax collection. *Wright v. Pappas*, 256 F.3d 635, 636-637 (7th Cir. 2001); *see also Hay v. Indiana State Bd. of Tax Comm'rs.*, 312 F.3d 876 (7th Cir. 2002). Although plaintiff complains about tax assessments, she does not explicitly request that

the Court enjoin, declare illegal or rescind the collection of the tax. Accordingly, nothing in plaintiff's complaint (at least so far) suggests that jurisdiction is barred by the Tax Injunction Act.

Of course, the Tax Injunction Act is not the only principle which prevents federal courts from hearing tax disputes. Rather, "federal courts have expressed a strong preference that issues of state taxation be litigated in state courts through a suit for refund rather than in federal courts[.]" *Alcan Aluminum Ltd. v. Department of Revenue of the State of Oregon*, 724 F.2d 1294, 1298 (7th Cir. 1984). Specifically, principles of comity also prevent federal courts from granting damages in tax disputes. *Fair Assessment in Real Estate Assoc., Inc. v. McNary*, 454 U.S. 100, 107 (1981). There, the Supreme Court noted:

> It is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible. Any delay in the proceedings of the officers, upon whom the duty is devolved of collecting the taxes, may derange the operations of government, and thereby cause serious detriment to the public.

*McNary*, 454 U.S. at 102 (quoting *Dows v. Chicago*, 11 Wall. 108, 110, 20 L.Ed 65 (1871)). The Supreme Court rejected the argument that damages awards would be less intrusive than injunctive relief because it concluded that in order to award damages, a district court would necessarily have to conclude that the state tax system was administered unlawfully. *McNary*, 454 U.S. at 113. Thus, the Court concluded that it would not consider damages claims challenging the validity of a state tax system so long as the state provided plain, adequate and complete remedies (which the Court defined as "plain, speedy and efficient" within the meaning of the Tax Injunction Act). *McNary*, 454 U.S. at 116 and n. 8. The Seventh Circuit has

concluded that the Illinois tax system suffices under *McNary*. *Heyde v. Pittenger*, __ F.3d __, 2011 WL 67781 at *8, slip op. at 17 (7th Cir. Jan. 11, 2011).

The Court need not decide now whether principles of comity bar some (or all) of Fowler's claims arising from her tax reassessment, because the issue is not jurisdictional. The Seventh Circle has called the issue an affirmative defense. *Heyde v. Pittenger*, __ F.3d __, 2011 WL 67781 at *8, slip op. at 18. Unless and until a defendant asserts comity as an affirmative defense, the Court will not determine whether principles of comity prevent it from hearing these claims. In the meantime, the Court has original jurisdiction over the tax reassessment case, because, as will be explained below, Fowler's Count IV against Will County is a non-frivolous federal claim.

### 1. Will County Board of Review's motion to dismiss

Against the Will County Board of Review, Fowler asserts five counts, all of which arise out of the tax reassessment of Fowler's home. According to Fowler's complaint, when the property was reassessed in 2008, the tax on Fowler's property increased $300 per year due to a patio that Fowler claims was already on the property when she purchased it less than two months earlier.

Defendant first argues that the Court lacks jurisdiction over Fowler's claims against it due to the *Rooker-Feldman* doctrine. Defendant points out that Fowler filed a tax appeal in the Circuit Court of Will County. After the case was dismissed for want of jurisdiction, Fowler filed an appeal, which is currently pending before the Illinois Appellate Court for the Third District.

As the Seventh Circuit has explained:

> The essence of the *Rooker-Feldman* doctrine is that the lower federal courts do not have the authority to review the judgments of the state courts even when a federal question is presented. The only federal court possessing such authority is the Supreme Court of the United States.

*Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 701 (7th Cir. 1998). A district court lacks jurisdiction over a claim if "the injury alleged by the federal plaintiff resulted from the state court judgment itself." *Id.* at 702. If, on the other hand, "the alleged injury is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker-Feldman* doctrine does not apply, although the doctrines of claim and issue preclusion may be applicable." *Id.* The Seventh Circuit has suggested a guideline:

> If the federal plaintiff was the plaintiff in state court, he must contend with res judicata; if the federal plaintiff was the defendant in state court, he must contend with the *Rooker-Feldman* doctrine.

*Centres, Inc.*, 148 F.3d at 702. The theory behind the Seventh Circuit's guideline (which does not apply uniformly) is that if the plaintiff files a second suit, he probably wants to *ignore* the first judgment, not upset it. *Id.* The defendant who lost at the state court, on the other hand, is asserting an injury "at the hands of the court" not "the hands of his adversary." *Id.* Here, it appears that Fowler's injury was caused by the Board's reassessment of her property, not by the decision of the Circuit Court of Will County to dismiss her claims for want of jurisdiction. The Court, thus, concludes that jurisdiction is not barred by the *Rooker-Feldman* doctrine. Of course, defendant may have a valid preclusion affirmative defense, but that is not an issue for this day. A plaintiff need not plead around an affirmative defense. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

Next, defendant argues that Fowler fails to state a claim upon which relief may be granted. The Court agrees. Counts I, II and III purport to be tort claims. In Count I, plaintiff

alleges, "[t]ort violations by not tagging property as 'omitted' or already assessed." In Count II, plaintiff asserts, "[a]ll properties were assessed 2007 [sic], in Will County. Patio was attached to property at least since 2006 or before." In Count III, plaintiff asserts merely, "Intentional Tort." It seems that plaintiff wants to hold the Will County Board of Review liable for not warning her that the taxes on the property might go up. The Court is not aware of any such duty, so Counts I, II and III are dismissed without prejudice for failure to state a claim.

Defendant also seeks to dismiss plaintiff's federal claims (Counts IV and V) against it for failure to state a claim. In Count IV, plaintiff seems to assert that defendant Will County Board of Review conspired with defendant Village of Crete with respect to her tax assessment, presumably in violation of 42 U.S.C. § 1985(3). To make out a claim under that section, a plaintiff must show (1) a conspiracy (2) to deprive any person of the equal protection of the law or of the equal privileges and immunities under the law; (3) an act in furtherance of the conspiracy; and (4) an injury. *Indianapolis Minority Contractors Assoc., Inc. v. Wiley*, 187 F.3d 743, 754 (7th Cir. 1999). In her brief, Fowler mentions that she believes she was the victim of race-based discrimination. Fowler's complaint does not include any facts that would make such a claim plausible. For example, Fowler's complaint fails to include any facts that suggest any actions were taken based on her race; Fowler does not even allege what her race is. In addition, Fowler alleges no facts that would suggest that Will County conspired with the Village of Crete. The Court dismisses Count IV without prejudice. Likewise, Fowler's Count V also fails to state a claim. The entirety of the allegation reads, "Violation of 42 USCA 1983." Fowler has not included any allegations that make this a plausible claim, and the Count dismisses it without prejudice.

Finally, the Will County Board of Review points out that it does not have a separate existence apart from Will County and, therefore, is not a suable entity. Thus, should plaintiff decide to file amended claims based on the conduct of the Will County Board of Review, she should name Will County, rather than the Will County Board of Review, as the defendant.

For these reasons, the Court grants defendant Will County Board of Review's motion [39] to dismiss. The Court dismisses without prejudice Counts I, II, III, IV and V against Will County Board of Review. Fowler is granted leave to amend her claims against Will County.

### 2.     Illinois Property Tax Appeal Board's motion to dismiss

Against defendant Illinois Property Tax Appeal Board, incorrectly named as Illinois Board of Review, Fowler asserts seven claims, which seem to arise out of defendant's alleged refusal to hear plaintiff's tax appeal. In Count I, Fowler asserts that defendant violated her right to freedom of speech. In Count II, she asserts a "[v]iolation of Illinois Statutory Duty to hear appeals filed." In Count III, Fowler asserts a violation of the Illinois Constitution. In Count IV, she asserts violations of "Property Owners Bill of Rights. In Counts V and VII, Fowler asserts claims under 42 U.S.C. § 1983 for violations of her equal protection and due process rights. In Count VI, Fowler asserts a conspiracy in violation of 42 U.S.C. § 1985.

Defendant argues that these claims should be dismissed for want of jurisdiction, pursuant to the Eleventh Amendment to the Constitution. The Eleventh Amendment to the Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment prohibits suits by a State's own citizens as well. The Supreme Court has explained:

> It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. (Internal citations omitted.) This jurisdictional bar applies regardless of the nature of the relief requested.

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment does not, however, prohibit a suit against a state official if the suit is brought either (a) against the state official in his personal capacity or (b) against the state official in his official capacity where the requirements of *Ex Parte Young* are met. *Hafer v. Melo*, 502 U.S. 21, 30-31(1991). In this case, it is clear that Fowler has filed claims against a department of the State of Illinois. *See Jensen v. State Board of Tax Comm'rs of the State of Ind.*, 763 F.2d 272, 276 (7th Cir. 1985). Accordingly, the Court lacks jurisdiction to hear the claims against this defendant.

For these reasons, the Court grants defendant Illinois Property Tax Appeal Board's motion [56] to dismiss and dismisses Fowler's claims against it for want of jurisdiction. Fowler may not amend her claims against the Illinois Property Tax Appeal Board.

### 3. First American Title Corp.'s motion to dismiss

Fowler asserts two causes of action against defendant First American Title Corp., and defendant moves to dismiss them both.

In Count I, Fowler seeks to hold First American Title Corp. "liable for [her] economic loss" from an alleged negligent misrepresentation. The problem with the claim, as defendant points out, is that the economic loss doctrine bars negligent misrepresentation claims for economic loss. *See Moorman Mfg. Co. v. National Tank Co.*, 91 Ill.2d 69, 435 N.E.2d 443, 452-

453 (Ill. S.Ct. 1982); *Gandhi v. Sitara Cap. Mgt., LLC*, 689 F. Supp.2d 1004, 1017 (N.D. Ill. 2010). Accordingly, the Court dismisses Count I with prejudice.

In Count II, Fowler asserts, "Violations of any monetary appropriations, not correct on the Alta statement RESPA statements." The first problem with this claim is that it is not clear what cause of action plaintiff is trying to assert. Even if plaintiff were trying to assert a valid claim (which is not at all clear), plaintiff has failed to assert any facts that would make a claim plausible. Accordingly, the Court dismisses Count II without prejudice.

For these reasons, the Court grants defendant First American Title Corp.'s motion [48] to dismiss. Count I is dismissed with prejudice. Count II is dismissed without prejudice. Fowler is granted leave to amend Count II against First American Title Corp. Fowler is not granted leave to amend Count I.

### 4. Village of Crete's motion to dismiss

Fowler asserts five counts against the Village of Crete. In addition to the allegations outlined above, Fowler also alleges that on the day (July 27, 2008) she closed on her home, she applied with the Village of Crete to have her new home's water use billed to her in her own name. Fowler alleges that the Village of Crete required her to provide a copy of her driver's license. The Village of Crete moves to dismiss all five counts for failure to state a claim upon which relief may be granted. The Village of Crete argues that none of the claims is plausible.

In Count I, Fowler asserts that the Village of Crete violated 42 U.S.C. § 1985 by failing to warn her about the patio that had not been assessed for tax purposes and somehow conspiring with the Crete Township Assessor. The Court agrees that Fowler fails to state a plausible claim.

It is not enough to offer vague conclusions of a conspiracy. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Accordingly, Count I is dismissed without prejudice.

In Count II, Fowler asserts "Violations of the Consumer Protection Act." The Court is not sure what cause of action Fowler is trying to assert and agrees with the Village of Crete that Fowler has not included enough detail to make out a plausible claim. Count II is dismissed without prejudice.

In Count III, Fowler asserts a violation of the Civil Rights Act on the basis of her age and race. The Court agrees that Fowler has not included any allegations that would make this a plausible claim. Fowler has not, for example, included any allegations that suggests individuals not in her protected class were treated more favorably. Count III is dismissed without prejudice.

In Count IV, Fowler asserts:

> Violations of the 14th amendment that plaintiff should have had equal protection and notification of an issue with the patio before purchase. Village receives a share of the tax money.

It appears that Fowler seeks relief pursuant to 42 U.S.C. § 1983 for an alleged violation of the 14th Amendment to the U.S. Constitution. As defendant points out, in order to state a claim under § 1983 against a governmental entity, one must allege that the constitutional violation resulted from a policy or custom of the governmental entity. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690-691 (1978). Fowler has not included any allegations that would make such a claim plausible. Accordingly, the Court dismisses Count IV without prejudice.

In Count V, Fowler asserts a claim under 42 U.S.C. § 1981, which provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and

Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Fowler seems to be asserting that the Village of Crete interfered with her contract to buy her home by failing to inform her that the patio had not already been included in the tax assessment. The Court agrees with defendant that plaintiff has failed to state a plausible claim. Among other things, Fowler has failed to include any allegations that would suggest that white citizens were treated more favorably. Accordingly, Count V is dismissed without prejudice.

For these reasons, defendant Village of Crete's motion [51] to dismiss is granted. Counts I, II, III, IV and V are dismissed without prejudice. Fowler is granted leave to amend her claims against the Village of Crete.

## IV.      Conclusion

The Court grants defendants Bank of America Corp. and BAC Mortgage Corp.'s motion [45] to dismiss. Counts I, II, III, IV, V and VIII are dismissed without prejudice. Counts VI, VII and IX are dismissed with prejudice. The Court dismisses with prejudice the portion of Count III that attempted to state a federal claim.

The Court grants defendant MemberSelect's motion [59] to dismiss. Count I is dismissed with prejudice. Count II is dismissed without prejudice.

The Court *sua sponte* dismisses without prejudice Counts I and II against defendant AAA Credit Card Co.

The Court grants defendant Will County Board of Review's motion [39] to dismiss. The Court dismisses without prejudice Counts I, II, III, IV and V against Will County Board of Review. The Court denies as moot Will County Board of Review's duplicate motion [38].

The Court grants defendant Illinois Property Tax Appeal Board's motion [56] to dismiss and dismisses Fowler's claims against it for want of jurisdiction.

The Court grants defendant First American Title Corp.'s motion [48] to dismiss. Count I is dismissed with prejudice. Count II is dismissed without prejudice.

The Court grants defendant Village of Crete's motion [51] to dismiss. Counts I, II, III, IV and V are dismissed without prejudice.

Fowler's amended complaint (should she choose to file one) must be filed on or before March 11, 2011. (Alternatively, Fowler may pursue her claims in state court.)

ENTER:

George M. Marovich
United States District Judge

DATED: January 28, 2011