# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3944 | **DATE** | 3/26/12 |
| **CASE TITLE** | Fowler v. Bank of America Corp., et al. | | |

**DOCKET ENTRY TEXT:**

Defendant the Village of Crete's motion [126] to dismiss is granted. Fowler's federal claims against the Village of Crete are dismissed with prejudice. Any state claims are dismissed without prejudice, but Fowler may not replead those claims in this court. The Clerk is directed to enter judgment in favor of defendants and against plaintiff.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Plaintiff Jacqueline Fowler ("Fowler") would like to make a federal case out of the fact that her local property taxes went up $300 on account of a stamped patio that was added to the property shortly before she purchased it. Fowler is proceeding *pro se*, and the claims in her amended complaint are not easy to decipher. Defendant the Village of Crete ("Crete") moves to dismiss.

In Count I, Fowler asserts that the Village of Crete violated 42 U.S.C. § 1985 by failing to warn her that the patio had not already been included in the tax assessment of her home and by conspiring with the Crete Township Assessor. To make out a claim under that section, a plaintiff must show (1) a conspiracy (2) to deprive any person of the equal protection of the law or of the equal privileges and immunities under the law; (3) an act in furtherance of the conspiracy; and (4) an injury. *Indianapolis Minority Contractors Assoc., Inc. v. Wiley*, 187 F.3d 743, 754 (7th Cir. 1999). Fowler alleges that defendant had to have known about her patio as early as July 2006, because someone had taken out a permit for the patio in 2003. Fowler asserts that the property should have been subject to a higher tax assessment before she moved in. Fowler alleges that on June 28, 2008, she applied for water at her new home. Defendant Crete (presumably through its employees) made a copy of her driver's license (and, therefore, has knowledge that she is black). Fowler asserts the conclusory allegation that individuals conspired (1) not to increase the assessment on her home until they found out she was black and (2) to raise the assessment because she is black. The factual allegations, however, are as consistent with lawful conduct (that simple human error accounts for the delayed assessment and that Crete copied her driver's license for innocuous reasons) as with unlawful conduct. Fowler's vague conclusions of a conspiracy are insufficient to state a claim. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Nothing in Fowler's brief suggests to the Court that she would be able to cure the defect in her complaint. Accordingly, Count I is dismissed with prejudice.

**STATEMENT**

Fowler's Count II against the Village of Crete is essentially the same as Count I but without the conspiracy allegation. The Court fails to see how this adds up to a federal claim. The gist of Fowler's claim is that she should have been warned before she purchased the property that the tax assessment would increase. Fowler alleges that defendant knew of her race after the purchase because it made a copy of her driver's license when she applied for water service the day she closed on her new home. The fundamental problem with Fowler's claim is that there is no constitutional requirement that a municipality warn individuals that their property taxes might increase. The Court is unable to decipher a plausible claim out of Count II or a way to turn it into a plausible claim. Count II is dismissed with prejudice.

In Count III, Fowler asserts that Crete discriminated against her on the basis of her race in violation of the Fair Housing Act and Title VII of the Civil Rights Act of 1964. Fowler has not, however, included any allegations that Crete employed her or was involved (as the seller, broker or otherwise) in her real estate transaction. Thus, Fowler has not and cannot state a claim under these federal statutes. Count III is dismissed with prejudice.

To the extent Fowler was attempting to assert any state-law claims, the Court, having dismissed the claims over which it has original jurisdiction, hereby relinquishes jurisdiction over those claims.